## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH POST, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) Case No. _____ ) |
| v. | ) JURY TRIAL DEMANDED ) |
| TAUBMAN CENTERS, INC., MAYREE C. CLARK, MICHAEL J. EMBLER, JANICE L. FIELDS, MICHELLE J. GOLDBERG, NANCY KILLEFER, CIA BUCKLEY MARAKOVITS, ROBERT S. TAUBMAN, RONALD W. TYSOE, MYRON E. ULLMAN, III, SIMON PROPERTY GROUP, INC., SIMON PROPERTY GROUP, L.P., SILVER MERGER SUB 1, LLC, SILVER MERGER SUB 2, LLC, and THE TAUBMAN REALTY GROUP LIMITED PARTNERSHIP, | ) CLASS ACTION ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1.  On February 9, 2020, Taubman Centers, Inc.'s ("Taubman" or the "Company") Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with: (i) Simon Property Group, Inc. ("Simon"), a Delaware corporation; (ii) Simon Property Group, L.P. (the "Simon Operating Partnership"), a Delaware limited partnership; (iii) Silver Merger Sub 1, LLC ("Merger Sub 1"), a Delaware limited liability company; (iv) Silver Merger Sub 2, LLC ("Merger Sub 2"), a Delaware

limited liability company; and (v) The Taubman Realty Group Limited Partnership (the "Taubman Operating Partnership"), a Delaware limited partnership.

2. Pursuant to the terms of the Merger Agreement, among other things: (i) Merger Sub 2 will be merged with and into the Taubman Operating Partnership, with the Taubman Operating Partnership surviving the merger; (ii) the Company will be merged with and into Merger Sub 1, with Merger Sub 1 surviving the merger; (iii) the Taubman Operating Partnership will be converted into a Delaware limited liability company (the "Joint Venture"); (iv) holders of Taubman common stock will receive $52.50 in cash for each share of Taubman common stock held; (v) holders of units of partnership interest in the Taubman Operating Partnership ("Taubman OP units") will receive the common stock merger consideration or 0.3814 limited partnership units in the Simon Operating Partnership for each Taubman OP unit held, except that certain Taubman OP units held by the Taubman family members, who own approximately 30% of Taubman,[1] will remain outstanding as units of partnership interest in the Taubman Operating Partnership; and (vi) all other Taubman OP units held by the Taubman family members will be converted into the right to receive the common stock merger consideration (the "Proposed Transaction").

3. Following the consummation of the Proposed Transaction, among other things: (i) the Simon Operating Partnership will own 100% of the outstanding equity of Merger Sub 1; (ii) Merger Sub 1 will own 80% of the limited liability company interests of the Joint Venture; and (iii) the Taubman family members will own the remaining 20% of the limited liability company interests of the Joint Venture.

---

[1] As of April 22, 2020, Robert S. Taubman ("Individual Defendant Taubman"), the Company's Chairman, President, and Chief Executive Officer ("CEO"), William S. Taubman, the Company's Chief Operating Officer, and certain of their affiliates have the power to vote approximately 30% of the outstanding shares of Taubman voting stock.

4. On April 28, 2020, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

5. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

7. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

9. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Taubman common stock.

10. Defendant Taubman is a Michigan corporation and a party to the Merger Agreement.  Taubman's common stock is traded on the New York Stock Exchange under the ticker symbol "TCO."

11. Defendant Mayree C. Clark ("Clark") is a director of the Company. Clark is a member of the so-called special committee of the Board (the "Special Committee").

12. Defendant Michael J. Embler ("Embler") is a director of the Company. Embler is a member of the Special Committee.

13. Defendant Janice L. Fields is a director of the Company.

14. Defendant Michelle J. Goldberg is a director of the Company.

15. Defendant Nancy Killefer is a director of the Company.

16. Defendant Cia Buckley Marakovits ("Marakovits") is a director of the Company. Marakovits is a member of the Special Committee.

17. Individual Defendant Taubman is President, CEO, and Chairman of the Board of the Company. Individual Defendant Taubman and his family members currently own approximately 30% of the Company.

18. Defendant Ronald W. Tysoe is a director of the Company.

19. Defendant Myron E. Ullman, III ("Ullman") is a director of the Company. Ullman is a member of the Special Committee.

20. The defendants identified in paragraphs 11 through 19 are collectively referred to herein as the "Individual Defendants."

21. Defendant Simon is a Delaware corporation and a party to the Merger Agreement.

22. Defendant Simon Operating Partnership is a Delaware limited partnership and a party to the Merger Agreement.

23. Defendant Merger Sub 1 is a Delaware limited liability company, a wholly-owned subsidiary of Simon Operating Partnership, and a party to the Merger Agreement.

24. Defendant Merger Sub 2 is a Delaware limited liability company, a wholly-owned subsidiary of Merger Sub 1, and a party to the Merger Agreement.

25. Defendant Taubman Operating Partnership is a Delaware limited partnership and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Taubman (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

27. This action is properly maintainable as a class action.

28. The Class is so numerous that joinder of all members is impracticable. As of February 6, 2020, there were approximately 61,237,420 shares of Taubman common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

29. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

30. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

31. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards

of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

32. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

33. Taubman is an S&P MidCap 400 Real Estate Investment Trust engaged in the ownership, management, and/or leasing of twenty-six regional, super-regional, and outlet shopping centers in the United States and Asia. The Company's U.S.-owned properties are the most productive in the publicly held U.S. regional mall industry.

34. On February 9, 2020, Taubman's Board caused the Company to enter into the Merger Agreement.

35. Pursuant to the terms of the Merger Agreement, among other things: (i) Merger Sub 2 will be merged with and into the Taubman Operating Partnership, with the Taubman Operating Partnership surviving the merger; (ii) the Company will be merged with and into Merger Sub 1, with Merger Sub 1 surviving the merger; (iii) the Taubman Operating Partnership will be converted into the Joint Venture; (iv) holders of Taubman common stock will receive $52.50 in cash for each share of Taubman common stock held; (v) holders of Taubman OP units will receive the common stock merger consideration or 0.3814 limited partnership units in the Simon Operating Partnership for each Taubman OP unit held, except that certain Taubman OP units held by the Taubman family members will remain outstanding as units of partnership interest in the Taubman

Operating Partnership; and (vi) all other Taubman OP units held by the Taubman family members will be converted into the right to receive the common stock merger consideration.

36. Following the consummation of the Proposed Transaction, among other things: (i) the Simon Operating Partnership will own 100% of the outstanding equity of Merger Sub 1; (ii) Merger Sub 1 will own 80% of the limited liability company interests of the Joint Venture; and (iii) the Taubman family members will own the remaining 20% of the limited liability company interests of the Joint Venture.

37. According to the press release announcing the Proposed Transaction:

> Simon Property Group, Inc. (NYSE: SPG) ("Simon") and Taubman Centers, Inc. (NYSE: TCO) ("Taubman") today announced that they have entered into a definitive agreement under which Simon will acquire an 80% ownership interest in The Taubman Realty Group Limited Partnership ("TRG"). Simon, through its operating partnership, Simon Property Group, L.P., will acquire all of Taubman common stock for $52.50 per share in cash and the Taubman family will sell approximately one-third of its ownership interest at the transaction price and remain a 20% partner in TRG. . . .
>
> Transaction Details
>
> Required approvals for the transaction include: (i) two-thirds of the outstanding Taubman voting stock and (ii) a majority of the outstanding Taubman voting stock not held by the Taubman family. The Taubman family, which represents approximately 29% of outstanding Taubman voting stock, has agreed to vote in favor of the transaction. The transaction is also subject to customary closing conditions and is expected to close in mid-2020. . . .
>
> Advisors
>
> BofA Securities is serving as financial advisor to Simon and Paul, Weiss, Rifkind, Wharton & Garrison LLP and Latham & Watkins LLP are serving as legal advisors. Goldman Sachs & Co. LLC is serving as financial advisor to Taubman and Wachtell, Lipton, Rosen & Katz and Honigman LLP are serving as legal advisors. The Special Committee of the Board of Directors of Taubman has retained Lazard as its independent financial advisor and Kirkland & Ellis LLP as its independent legal counsel.

*The Proxy Statement Omits Material Information, Rendering It False and Misleading*

38. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

39. As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

40. The Proxy Statement fails to disclose the nature of the Special Committee's discussions at the November 21, 2019 meeting regarding the "past communications from Taubman's shareholders[, ]including from Land & Buildings Investment Management, LLC," as well as the timing and nature of those past communications.

41. The Proxy Statement fails to disclose the Special Committee's basis for instructing Individual Defendant Taubman "that he should not commit to a purchase price less than $63.00 per share," and the reasons the Special Committee agreed to a price over $10 less per share.

42. The Proxy Statement fails to disclose the Company's financial projections discussed at the December 20, 2019 Special Committee meeting (the "Original Projections").

43. The Proxy Statement fails to disclose the changes and adjustments made to the Original Projections to result in the financial projections discussed at the January 6, 2020 Special Committee meeting.

44. The Proxy Statement fails to disclose whether any member of the Special Committee discussed or suggested that the Special Committee should participate in the negotiations with Simon regarding the Proposed Transaction, as opposed to Individual Defendant Taubman leading all of the negotiations, with the exception of Individual Defendant Marakovits's participation in the January 12, 2020 meeting with Simon.

45. The Proxy Statement fails to disclose Lazard Frères & Co. LLC's ("Lazard") January 26, 2020 presentation to the Special Committee.

46. The Proxy Statement provides that, on January 9, 2020, Simon submitted a proposal to acquire Taubman for $57.00 per share in cash.

47. On January 12, 2020, Simon, Individual Defendant Taubman, and Individual Defendant Marakovits met to discuss the proposal, and both Individual Defendant Taubman and Marakovits agreed to proceed with the transaction at $57.00 per share in cash.

48. The parties subsequently negotiated the terms of the Merger Agreement.

49. Then on January 26, "Mr. Simon contacted Mr. R. Taubman and communicated that while Simon was still interested in pursuing a transaction with Taubman, it would need to assess market conditions further and would not continue to engage in negotiations of the transaction agreements until Simon had made such an assessment."

50. "Between the close of trading on January 23, 2020 and January 31, 2020, Taubman's stock price declined by 16.4% (from $31.59 to $26.42) and Simon's stock price declined by 9.6% (from $147.25 to $133.15)."

51. On February 5, 2020, "Mr. Simon contacted Mr. R. Taubman and communicated that Simon was prepared to reengage in transaction discussions, but that Simon would not pay more than $52.00 per share," which Simon increased to its "best and final offer" of $52.50 per share during the same discussion.

52. The Proxy Statement proceeds to state that, "[b]etween the close of trading on January 31, 2020 and February 7, 2020, Taubman's stock price increased by 31.2% (from $26.42 to $34.67)."

9

53. However, the Proxy Statement fails to disclose that, between the close of trading on January 31, 2020 and February 7, 2020, Simon's stock price *also* increased, from $133.15 to $141.02.

54. Nevertheless, on February 9, 2020, the Special Committee and the Board unanimously determined that the Proposed Transaction offering only $52.50 per share was advisable and fair to, and in the best interests of, Taubman's stockholders.

55. The Proxy Statement fails to disclose the Individual Defendants' basis for failing to provide a counteroffer to Simon's proposal of $52.50 per share or attempting to negotiate a higher price.

56. The omission of the above-referenced material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Transactions; and (ii) Reasons for the Transactions and Recommendation of the Special Committee and the Taubman Board.

57. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Taubman**

58. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

59. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Taubman is liable as the issuer of these statements.

60. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

61. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

62. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

63. The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

64. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

65. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

**Claim for Violation of Section 20(a) of the 1934 Act
Against the Individual Defendants, Simon, the Simon Operating Partnership,
Merger Sub 1, Merger Sub 2, and the Taubman Operating Partnership**

66. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

67. The Individual Defendants, Simon, the Simon Operating Partnership, Merger Sub 1, Merger Sub 2, and the Taubman Operating Partnership acted as controlling persons of Taubman within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Taubman and participation in and/or awareness of the Company's

operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

68. Each of the Individual Defendants, Simon, the Simon Operating Partnership, Merger Sub 1, Merger Sub 2, and the Taubman Operating Partnership was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

69. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

70. By virtue of the foregoing, the Individual Defendants, Simon, the Simon Operating Partnership, Merger Sub 1, Merger Sub 2, and the Taubman Operating Partnership violated Section 20(a) of the 1934 Act.

71. As set forth above, the Individual Defendants, Simon, the Simon Operating Partnership, Merger Sub 1, Merger Sub 2, and the Taubman Operating Partnership had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934

Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

| | |
|---|---|
| Dated: May 21, 2020 | **RIGRODSKY & LONG, P.A.** |
| | By: */s/ Gina M. Serra* |
| | Brian D. Long (#4347) |
| **OF COUNSEL:** | Gina M. Serra (#5387) |
| | 300 Delaware Avenue, Suite 1220 |
| **RM LAW, P.C.** | Wilmington, DE 19801 |
| Richard A. Maniskas | Telephone: (302) 295-5310 |
| 1055 Westlakes Drive, Suite 300 | Facsimile: (302) 654-7530 |
| Berwyn, PA 19312 | Email: bdl@rl-legal.com |
| Telephone: (484) 324-6800 | Email: gms@rl-legal.com |
| Facsimile: (484) 631-1305 | |
| Email: rm@maniskas.com | *Attorneys for Plaintiff* |